**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 06-0296 (WJM) |
| Plaintiff, | : |  |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, | : |  |
| Defendant. | : |  |

**APPEARANCES**:

> JOSEPH ARUANNO,#363, Pro Se
> Special Treatment Unit Annex
> CN 905
> Avenel, New Jersey  07001

**MARTINI**, District Judge

Plaintiff Joseph Aruanno, civilly committed by the State of New Jersey as a sexually violent predator, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, this Court grants Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).[1] Having screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2), this Court concludes that dismissal of the Complaint without prejudice is required because Plaintiff's claims have not accrued.

---

[1] See Page v. Torrey, 201 F.3d 1136, 1139-1140 (9th Cir. 2000) (civilly-committed sexually violent predator is not a "prisoner" within § 1915(h) where he is not currently detained as a result of accusation, conviction or sentence for a criminal offense).

## I. BACKGROUND

Plaintiff seeks declaratory and injunctive relief against the State of New Jersey for involuntarily committing him as a sexually violent predator, see N.J. Stat. Ann. § 30:4-27.26, in April 2004 without due process of law.[2]  He asserts that in April 2004, while was incarcerated pursuant to a State criminal conviction, the New Jersey courts reviewed the State Attorney General's petition, accompanied by physician reports, seeking his civil commitment as a sexually violent predator.  Petitioner complains of the following deficiencies in the proceeding:

> During this proceeding I was not allowed to have representation or submit any type of expert medical testimony to dispute or cross examine denying me all due processes and equal protection of the law!  the proceeding was totally one sided, and all of the states evidence was fabricated inadmissible hearsay evidence.  Also, a jury should have reviewed this case, not the states courts.  Then in, May-2005, the states court had another review of this case where I was again denied counsel or expert testimony and the states evidence was again knowing and purposeful false statements.

(Compl. ¶ 6.)

For relief, Plaintiff asks this Court to declare the action of the New Jersey courts to be "null and void," and to order a

---

[2] The Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 et seq., enacted in 1998 and effective August 12, 1999, permits the involuntary civil commitment of a "sexually violent predator" for control, care and treatment.  See In re Commitments of M.G. and D.C., 331 N.J. Super. 365, 372 (App. Div. 2000).

2

"proper hearing" in front of a jury where Plaintiff is represented by competent counsel and has the right to present his own medical expert testimony. (Compl. ¶ 7.)

## II.   LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie

case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

4

## **III.  DISCUSSION**

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d

5

Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed").  The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that the procedures used to civilly commit Plaintiff and detain him at the Special Treatment Unit as a sexually violent predator deprived him of liberty without due process of law.

However, the exclusive federal remedy for an inmate challenging the fact or duration of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies.[3]  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is

---

[3] Decisions of the New Jersey State Parole Board are reviewable as of right in the Appellate Division of the New Jersey Superior Court pursuant to N.J. Ct. R. 2:2-3(a)(2). Benson v. New Jersey State Parole Bd., 947 F. Supp. 827, 831 (D.N.J. 1996).  The Court observes that, while Plaintiff allegedly appealed the revocation administratively, he did not exhaust his state court remedies by seeking review before the Appellate Division and the New Jersey Supreme Court.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks declaratory and injunctive relief short of release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his civil commitment. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).[4] Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him. Muhammad v. Close, 124 S.Ct. 1303, (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state

---

[4] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his civil commitment has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, his challenge to the commitment procedures is not cognizable under § 1983 at this time.

### IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice.

                                        s/William J. Martini

                                        _____
                                        WILLIAM J. MARTINI, U.S.D.J.

Dated: February 2, 2006