# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

January 14, 2009

## LETTER OPINION

| | |
|---|---|
| Darren M. Gelber, Esq.<br>Wilentz, Goldman & Spitzer P.A.<br>90 Woodbridge Center Drive<br>Woodbridge, N.J. 07095 | David L DaCosta, Esq.<br>Deputy Attorney General<br>R.J. Hughes Justice Complex<br>25 Market Street<br>Trenton, N.J. 08625 |

Re:   Aruanno v. State of New Jersey
      Civil Action No. 06-0296 (WJM)

Dear Litigants:

Before the Court is plaintiff's motion for leave to file an amended complaint. (Docket Entry No. 30). Defendant, State of New Jersey ("defendant" or "State"), has opposed the motion and plaintiff has filed a reply. The Court addresses the matter without oral argument. Fed.R.Civ.P.78. For the reasons that follow, plaintiff's motion is **granted**.

**A. Background**

On April 16, 2004, the State filed a petition to commit plaintiff under the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 et seq. (Affidavit of David L. DaCosta, Esq., Docket Entry No. 22, Ex. A at 8). A commitment hearing commenced on April 11, 2005 and in May 2005, plaintiff was civilly committed by the State as a sexually violent predator. Id. at 3-4, 9. On

January 20, 2006, then pro se plaintiff[1] filed a complaint against the State alleging violations of his constitutional rights and seeking declaratory and injunctive relief. Plaintiff alleged, among other things, that he had been denied the right to contest the civil commitment petition, that a jury should have reviewed the matter, and that he had been deprived of legal representation and an opportunity to submit expert medical testimony at the final commitment hearing. (Compl. at ¶ 6).

Following a somewhat protracted procedural history,[2] on April 16, 2007, defendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). On July 29, 2008, the Court granted defendant's motion to dismiss the complaint, without prejudice. The Court dismissed the complaint on grounds that it lacked jurisdiction because plaintiff's only claim, a cause of action pursuant to 28 U.S.C. § 1983 ("§1983") , against the State was barred by the Eleventh Amendment.[3] On October 15, 2008, plaintiff filed the instant motion to amend the complaint to name three state officers in their official capacities as defendants.[4]

---

[1] On April 17, 2007, the Court granted plaintiff's application for appointment of pro bono counsel.

[2] On February 1, 2006, the Court granted plaintiff's application to proceed in forma pauperis and dismissed the complaint without prejudice. Although the Court liberally construed plaintiff's complaint as asserting that the procedures used to civilly commit him and continue his detention deprived him of liberty without due process of law, it found that plaintiff's claims had not accrued because the civil commitment had not been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus.(Docket Entry No. 3, at 6 - 8). On appeal, the Third Circuit found that because plaintiff only sought a new civil commitment hearing (and did not seek immediate release or a shorter commitment) his claims were cognizable under 28 U.S.C. §1983. (Docket Entry No. 17). The Third Circuit vacated the district court's order and remanded the case for further proceedings. (Docket Entry No. 13).

[3] The Eleventh Amendment bar was not an issue raised by defendant in its motion to dismiss.

[4] Plaintiff seeks to add the Commissioner of the New Jersey Department of Corrections, the Commissioner of the New Jersey Department of Human Services and the Attorney General of the State of New Jersey, as well as John and Jane Does, as defendants to the action.

**B. Analysis**

A district court's order dismissing a complaint, without prejudice, includes an "implicit invitation to amplify the complaint" even if the order does not mention amendment. Newark Branch, NAACP v. Harrison, 907 F.2d 1408, 1417 (3d Cir. 1990)(quoting Borelli v. City of Reading, 532 F.2d 950, 951(3d Cir. 1976)).  Courts have held that "leave to amend complaints should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed.R.Civ.P. 15 (a) is satisfied." Id. at 1417 (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc. 739 F.2d 858, 864, 867-69 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985)).

Rule 15(a) provides that "leave [to amend] shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a).  The decision to grant a motion to amend a pleading rests in the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).  Generally, leave to amend should be granted unless there is undue delay or prejudice, bad faith, dilatory motive, repeated failure to cure deficiencies through previous amendments or futility. Foman, 371 U.S. at182.  Absent these factors, leave should be "freely given." Id.

The State opposes the motion on the sole ground that the amendment would be futile because plaintiff's claims are barred by the two-year statute of limitations.[5]  Thus, the State maintains that plaintiff should not be permitted to amend.[6]

---

[5] The State maintains that the two-year limitations period for personal injury actions applies to all §1983 claims accruing in New Jersey.( Def.'s Br. at 3)(citing Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)).

[6] The State claims that the statute of limitations relating to plaintiff's temporary commitment process and his final commitment hearing expired on April 16, 2006 and April 11, 2007, respectively. (Def.'s Br. at 4).

In opposition, plaintiff relies on Fed.R. Civ.P. 15(c) asserting the amendment "relates back" and should be treated as though it was filed on the date of the original pleading. See Fed.R.Civ.P. 15(c). Plaintiff maintains that the proposed amended complaint asserts claims that arose out of the same conduct and occurrence alleged in the original complaint and therefore the statute of limitations is not a bar.(Pl.'s Reply Br. at 1-4 (citing Fed.R.Civ.P. 15(c))).

Plaintiff's complaint was dismissed without prejudice on July 29, 2008. The order of dismissal did not provide for a time by which plaintiff would have to amend his complaint. Although the district court's order did not address amendment, the "without prejudice" language suggests that plaintiff be accorded an opportunity to amend the complaint to address the pleading deficiencies. Borelli, 532 F.2d at 951.

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. The trial court may deny leave to amend where the amendment would not withstand a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983). However, given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. Thus, the proposed amendment must be frivolous or advance a claim that is insufficient on its face. "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Wright, Miller & Kane, Federal Practice and Procedure §1487( 2d ed. 1990)(emphasis added).

Although plaintiff's claims may ultimately turn out to be barred by the statute of limitations, defendant has failed to meet its burden to demonstrate transparent futility on the limited record submitted. The complaint dismissed by the Court had been drafted by the plaintiff, pro se. The proposed amended complaint drafted with the assistance of appointed counsel attempts to cure the

deficiencies that led to dismissal. The Third Circuit has determined that plaintiff has alleged cognizable claims.

The application of the relation back doctrine in the context of the history of this case is not a simple issue. The parties' briefs did not fully examine the circumstances which would permit the Court to determine whether the amendment relates back to the filing date of the original complaint. The information provided thus far is somewhat ambiguous. For example, the parties do not address whether the proposed parties had notice of the original complaint so as not to be unfairly prejudiced by the amendment, or whether they knew that but for a pleading error, the action would have been instituted against them. See Fed.R.Civ.P. 15(c). The Court cannot conclude on this record that the proposed amendment is so clearly futile to preclude the granting of plaintiff's motion. Whether the statute of limitations bars plaintiff's claims against the newly named defendants is more appropriately addressed in a fully developed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## C. Conclusion

For the above stated reasons, plaintiff's motion for leave to file an amended complaint is **granted**. An appropriate order accompanies this Letter Opinion.

/s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Orig.: Clerk of the Court
cc: Hon. William J. Martini, U.S.D.J.
    All Parties
    File