

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    JUDGE

## LETTER OPINION

August 20, 2009

Darren M. Gelber
Wilentz, Goldman & Spitzer, PC
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095
(*Attorney for Plaintiff Joseph Aruanno*)

David L. Dacosta
Office of the New Jersey Attorney General
Department of Law & Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ 08625
(*Attorney for Defendants George W. Hayman, Jennifer Velez, and Anne E. Milgram*)

    Re:    <u>Aruanno v. State of New Jersey</u>
           <u>Civil Action No. 2:06-CV-00296 (WJM)</u>

Dear Counsel:

    This matter comes before the Court on Defendants George Hayman, Jennifer Velez, and Anne Milgram's motion to dismiss. The Court did not hold oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion to dismiss is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff Joseph Aruanno has been convicted of two sex offenses involving children. On April 16, 2004, the State filed a petition in the Superior Court of New

Jersey, Law Division, Essex County, to civilly commit Aruanno under the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-27.24 *et seq*. The court issued a temporary commitment order and assigned Aruanno counsel. Thereafter, on May 9, 2005, the court held a final commitment hearing, resulting in Aruanno's commitment to a Special Treatment Unit ("STU") in Kearny, New Jersey.

Aruanno unsuccessfully appealed this decision to the New Jersey Appellate Division. On January 20, 2006, he filed a pro se complaint in this district alleging violations of his due process and equal protection rights under 42 U.S.C. § 1983. The Court dismissed Aruanno's complaint, on February 2, 2006, finding that he failed to exhaust his state court remedies. Aruanno's civil commitment had not been overturned or invalidated by a state court or called into question by the issuance of a writ of habeas corpus. On appeal, the Third Circuit vacated and remanded this matter, holding that Aruanno presented a cognizable claim under § 1983, since he only sought a new civil commitment hearing and not immediate release or a shorter commitment period.

Following remand, the Court again dismissed Aruanno's complaint, this time for lack of jurisdiction. The Court determined that the Eleventh Amendment barred the § 1983 suit because Aruanno brought the complaint against the State of New Jersey and not individuals named in their official capacities. Aruanno then filed an amended complaint, on January 28, 2009, which substituted three named state officials as Defendants.

Aruanno's one count amended complaint alleges that Defendants violated his constitutional rights under § 1983. Aruanno principally challenges the SVPA on due process and equal protection grounds, while also charging that the SVPA is punitive and thus violative of the Double Jeopardy and Ex Post Facto Clauses. In addition, he maintains that Defendants infringed on his Fifth Amendment right against self incrimination by relying on clinical evidence based, in part, on inculpatory statements.

On April 9, 2009, Defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion is ready for disposition.

## **STANDARD OF REVIEW**

When evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir.

1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement'. . . it asks for more than a sheer possibility . . . . ." *Iqbal*, 129 S. Ct. at 1949 (2009).

## DISCUSSION

**A.     Procedural Issues**

Defendants first move to dismiss Plaintiffs' amended complaint, under Fed. R. Civ. P. 12(b)(1), as time barred. Specifically, Defendants contend that the amended complaint fails to relate back to the original complaint, under Fed. R. Civ. P. 15(c), and thus falls outside the applicable two-year statute of limitations for § 1983 actions. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) (noting that § 1983 actions have a two-year statute of limitations where the cause of action accrues in New Jersey).

Rule 15(c) states, in pertinent part, that "[a]n amended complaint relates back to the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1). An amendment relates back when it "restate[s] the original claim with greater particularity or amplif[ies] the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading" *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). It does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Smith v. Rubin & Raine of New Jersey, LLC*, Civ. No. 08-5724, 2009 WL 2143644, at *2 (D.N.J. July 14, 2009).

In the instant matter, the amended complaint relates back to the original filing. The complaint challenges the constitutionality of the SVPA and alleges infringement of due process and equal protection rights stemming from Aruanno's temporary and final civil commitment proceedings. The amended complaint elaborates on these claims, while also asserting that Defendants violated the Double Jeopardy and Ex Post Facto Clauses, as well as Aruanno's Fifth Amendment right against self-incrimination. Both complaints arise out of the same conduct, transaction, or occurrence, namely Aruanno's temporary and civil commitment hearings. Since Aruanno filed the original complaint on January 20, 2006, within two-years of the temporary and final commitment hearings, the amended complaint is not time barred and will not be dismissed on this basis. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (stating that if the amendment relates back to the original filing, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time).

**B.    Section 1983 Claim**

Defendants also seek dismissal, under Fed. R. Civ. P. 12(b)(6), for Aruanno's failure to state a § 1983 claim. To recover under § 1983, a plaintiff must show that: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sample v. Diecks*, 885 F.2d 1099, 1107 (3d Cir. 1989). As alleged, there is no question that Defendants acted under the color of state law. The only issue concerns whether Defendants deprived Aruanno of his constitutional rights by civilly committing him under the SVPA.

1.    *Procedural Framework for the SVPA*

The SVPA provides for the civil commit of individuals convicted of a sexually violent offense that qualify as sexually violent predators. N.J.S.A. 30:4-27.26. The SVPA defines a sexually violent predator ("SVP") as a:

> person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.

N.J.S.A. 30:4-27.26(b). When it appears that a person may meet the criteria of a SVP, an "agency with jurisdiction," such as the New Jersey Department of Corrections, provides notice to the New Jersey Attorney General at least ninety days before the anticipated release of this individual. N.J.S.A. 30:4-27.26, 30:4-27.27(a)(1). If the Attorney General

4

concludes that public safety warrants involuntary civil commitment, a petition for commitment is initiated, supported by two clinical certifications. N.J.S.A. 30:4-27.26; 30:4-27.28.

Upon receipt of these documents, the court conducts a temporary commitment hearing. N.J.S.A. 30:4-27.28(f). At this hearing, the court examines the supporting certifications and determines whether probable cause exists to believe that the individual qualifies as a SVP. *Id.* If the court finds probable cause, it issues an order authorizing temporary commitment. *Id.*

Following the initial hearing, the court appoints counsel, if necessary, and holds a final commitment hearing within twenty days. N.J.S.A. 30:4-27.29. At the final hearing, the court hears various evidence, including testimony related to the clinical basis for involuntary commitment from a psychiatrist on the individual's treatment team. N.J.S.A. 30:4-27.30(b). If the court determines by clear and convincing evidence that the individual qualifies as a SVP, the court issues an order of involuntary commitment. N.J.S.A. 30:4-27.32(a).

Once committed, the SVP has several avenues to challenge his or her civil commitment. In addition to a statutorily provided annual review hearing, the SVP may bring his or her own petition questioning the commitment. N.J.S.A. 30:4-27.35, 30:4-27.36. The New Jersey Department of Health and Human Services–the agency that provides SVP with medical treatment–may also recommend termination of commitment. N.J.S.A. 30:4-27.36.

2. *Temporary Commitment Hearing*

In the amended complaint, Aruanno first argues that Defendants violated his due process rights under the Fourteenth Amendment by virtue of his temporary civil commitment under the SVPA "without notice . . . or an opportunity to be heard." (Amend. Compl. ¶¶ 13-14.) However, the New Jersey Appellate Division has consistently held, with one narrow exception, that due process does not require an evidentiary hearing prior to temporary commitment under the SVPA. *See, e.g.*, In re *Commitments of M.G. & D.C.*, 331 N.J. Super. 365, 383-86 (App. Div. 2000). This exception only applies when the State seeks to civilly commit an individual who is either presently incarcerated or resident in a state facility and qualifies for Conditional Extension Pending Placement ("CEPP").[1] *Id.* at 370.

---

[1] CEPP status designates individuals who are legally entitled to leave a mental hospital because they are not considered dangerous, but remain confined because they "are incapable of competently exercising" the right to be discharged because of a diminished capacity to survive in the outside world.

Even when viewed in a favorable light, the amended complaint fails to allege that Aruanno qualified for CEPP status at the time of the temporary commitment hearing. Aruanno therefore lacked the right to receive either notice or a hearing prior to his temporary commitment. As such, Aruanno § 1983 claim on this basis will be dismissed.

3.   *Self-Incriminating Evidence*

Aruanno next asserts that Defendants infringed his Fifth Amendment right against self incrimination. He alleges that Defendants' petition for civil commitment was supported by clinical certifications and medical testimony from his treatment team that incorporated, in part, unpermissive inculpatory statements. (Amend Compl. ¶ 15.)

The Self-Incrimination Clause provides that no person "shall be compelled in any criminal case to be a witness against himself." The privilege protects against "real" dangers of convictions, not remote and speculative possibilities. *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 278 (1972).

As applied to facts at hand, the SVPA undoubtably qualifies as a civil statute. The statute's language states an intent to be a "civil procedure for the involuntary commitment of sexually violent predators" and the New Jersey Supreme Court has repeatedly held that the SVPA is civil and non-punitive in nature. *See* N.J.S.A. 30:4-27.24; *see, e.g.*, *In re Commitment of W.Z.*, 173 N.J. 109, 119-21 (2002). Even if the clinical certifications and medical testimony relied on inculpatory statements, Aruanno faced, at most, civil and not criminal penalties.

Assuming *arguendo* that the SVPA qualified as a criminal statute, Aruanno still did not face a "real" possibility of future prosecution by discussing his prior convictions with various medical workers employed by Defendants. Aruanno had already admitted responsibility and served time in prison for these convictions thereby triggering double jeopardy protections. *See Fournier v. Corzine*, Civ. No. 07-1212, 2007 WL 2159584, at *16 (D.N.J. July 26, 2007). Since Aruanno exhausted his direct appeal with regards to his

---

*See Matter of S.L.*, 94 N.J. 128, 139-40 (1983).

second sexual offense, he also deprived himself of this Fifth Amendment privilege.[2] *See Lewis v. Dep't of Corrs.*, 365 N.J. Super. 503, 507 (App. Div. 2004).

Moreover, to the extent Aruanno challenges the psychiatric examinations on due process grounds, the SVPA provides ample procedural safeguards to challenge the clinical certifications and the treatment team's medical testimony at the final commitment hearing. Under the statute, the alleged SVP and his or her counsel receive copies of the clinical certifications and supporting documents at least ten days prior to the final commitment hearing. N.J.S.A. 30:4-27.30(a). At the hearing, the alleged SVP possesses the right to present evidence and cross-examine witnesses. N.J.S.A. 30:4-27.31. As alleged, Aruanno fails to establish a deprivation of his due process and self-incrimination rights. Accordingly, Aruanno cannot state a § 1983 claim on this ground.

4. *Standard of Proof and Right to a Jury Trial*

Aruanno maintains two additional due process claims. First, he challenges the SVPA's evidentiary standard of clear and convincing evidence and asserts that his due process rights have been violated by Defendants' failure to establish that he qualified as a SVP by proof beyond a reasonable doubt. (Amend. Compl. ¶¶ 19-20). Second, he contends that he was entitled to a jury trial. (*Id.* ¶ 21.)

With regards to the evidentiary issue, the SVPA explicitly provides for the clear and convincing evidence standard. N.J.S.A. 30:4-27.32(a). As recently explained by the New Jersey Supreme Court in *In re Commitment of J.M.B.*, 197 N.J. 563, 578 (2009), the SVPA "involve[s] findings of guilt beyond a reasonable doubt because that is the standard for a criminal conviction. Once a conviction occurs, the beyond a reasonable doubt standard drops out of the case. It is then that the SVPA itself becomes operative." As for the jury trial, the Appellate Division has consistently held that individuals lack a right to a jury trial in SVPA civil commitment hearings. *See, e.g.*, *In re Commitment of J.H.M.*, 367 N.J. Super. 599, 606-08 (App. Div. 2003), *cert. denied*, 179 N.J. 312 (2004); *In re Commitment of G.G.N.*, 372 N.J. Super. 42, 46 (App. Div. 2004). In light of plain language of the statute and New Jersey precedent, Aruanno does not state a § 1983 claim on these grounds.

---

[2] Even if Aruanno had not exhausted his direct appeals, the Court notes that, under N.J.S.A. 30:4-82.4(h)(2), New Jersey explicitly bars the disclosure of information related to an inmate's commitment or release collected for purposes of determining the need for involuntary commitment. The well-established "use immunity" concept restricts the future use of inculpatory statements made during psychiatric examinations, rendering Aruanno's self-incrimination concerns even more remote and speculative. *See State v. Whitlow*, 45 N.J. 3, 26 (1965); *In re Commitment of G.A.*, 309 N.J. Super. 152, 162-63 (App. Div. 1998).

5.      *Double Jeopardy and Ex Post Facto Challenges*

The amended complaint further challenges the SVPA under the Double Jeopardy and Ex Post Facto Clauses. The amended complaint states that Aruanno faces "a lifetime of involuntary confinement," under the SVPA, which constitutes punishment. (Amend. Compl. ¶ 17.) Such punishment violates the Double Jeopardy and Ex Post Facto Clauses, since he has already served time in prison for his criminal acts.

In *Kansas v. Hendricks*, 521 U.S. 346 (1997), the United States Supreme Court held that the Double Jeopardy and Ex Post Facto Clauses apply only to criminal statutes where punishment is imposed. As discussed above, the SVPA qualifies as a civil statute, precluding Aruanno's constitutional challenge.

6.      *Ineffective Assistance of Counsel*

Finally, Aruanno claims that the "final hearing was conducted without proper legal representation" and demands to be provided with the "adequate assistance of counsel" if the Court grants a new civil commitment hearing. (Amend. Compl. ¶¶ 18, 21.) To the extent Aruanno seeks to assert constitutional claims under § 1983 against his public defenders, his claim must be dismissed. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

## CONCLUSION

For the above stated reasons, Defendants' motion to dismiss is **GRANTED**. An appropriate Order accompanies this Letter Opinion.


                                                s/William J. Martini
                                                **William J. Martini, U.S.D.J.**